UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| **PATRICK HEBERT** | **CASE NO. 6:20-CV-00914** |
| **VERSUS** | **JUDGE DRELL** |
| **BARRY GRAHAM OIL SERVICES LLC** | **MAGISTRATE JUDGE CAROL B. WHITEHURST** |

### MEMORANDUM RULING

Before the Court is Defendant, Barry Graham Oil Service LLC's ("BGOS"), Motion for Partial Summary Judgment. ECF 41. This Motion asks the Court to dismiss any claims from the Plaintiff or Intervenor for punitive or exemplary damages. *Id.* This Motion is unopposed.[1] For the following reasons, the Motion is **GRANTED**.

I. Factual and Procedural Background

This case stems from injuries allegedly injured by the Plaintiff, Patrick Hebert ("Mr. Hebert"), as he rode upon the crewboat M/V Ms. Kristie ("MS Kristie") which was owned and operated by BGOS in February of 2019. ECF 1, ¶¶5-6. Mr. Hebert alleges that he was riding on the MS Kristie when it encountered rough seas and he was allegedly thrown from his passenger seat. *Id.*, ¶7. He further alleges that BGOS was negligent for navigating the vessel in unsafe conditions and failing to warn the passengers. *Id.*, ¶¶6-8. This claim included a claim for "exemplary and/or punitive damages…for any and all willful and wanton conduct of the vessel and its crew in this matter." *Id.*, ¶13.

---

[1] The original date for any opposition was June 21, 2022. ECF 42. Plaintiff then moved for an extension of time to file a response which the Court granted. ECF 43, 44. The Court then set a deadline for any opposition for July 20, 2022. ECF 46.

Shortly after the initial scheduling order was issued, the Louisiana Workers Compensation Corporation ("LWCC") filed a Motion to intervene, which was granted. ECF 13, 18. The case has been continued several times. In May of 2022, BGOS filed its present Motion for Summary Judgment, which was not opposed in a timely fashion, and remains unopposed.

II.     Legal Standard

Summary judgment is appropriate where one party can show "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The key question in this analysis is whether the evidence on record "is such that a reasonable jury could return a verdict for the nonmoving party." Anderson v. Liberty Lobby, 477 U.S. 242, 248 (1986). The party seeking summary judgment bears the burden of proving that there are no genuine issues of material fact to be resolved at trial. Bustos v. Martini Club Inc., 599 F.3d 456, 468 (5th Cir. 2010). If the moving party meets this initial threshold, then "the burden shifts to the nonmoving party to produce evidence that a genuine issue of material fact exists for trial." Id. During this analysis, courts must "view the facts in the light most favorable to…the nonmoving party." City and Cty. of San Francisco v. Sheehan, 575 U.S. 600, 603 (2015). Further, "all justifiable inferences are to be drawn" in favor of the nonmoving party. Anderson, 477 U.S. at 255 (citing Adickes v. S.H. Kress & Co., 398 U.S. 144, 158-59 (1970)).

"A motion for summary judgment cannot be granted simply because there is no opposition." Hibernia Nat. Bank v. Administracion Central Sociedad Anonima, 776 F.2d 1277, 1279 (5th Cir. 1985) (citation omitted). However, where a party "fails to properly address another party's assertion of fact" the court can "consider the fact undisputed for purposes of the motion." Fed. R. Civ. P. 56(e)(2). Here, the Court construes the facts asserted in BGOS's Statement of Uncontested Material Facts and Affidavit as undisputed as the Motion is unopposed. Thus, the

sole question is whether, given the undisputed facts found in the Motion for Summary Judgment, there is any genuine issue of material fact that would allow for punitive or exemplary damages.

III.   Application and Analysis

Punitive damages are available at common law "for wanton, willful, or outrageous conduct." Atlantic Sounding Co. v. Townsend, 557 U.S. 404, 409 (2009).[2] This general rule has been "extended to claims arising under federal maritime law," thus allowing punitive damages in cases such as the present matter. *Id.* at 411. To recover punitive damages, there must be some showing some element of "gross negligence, or actual malice or criminal indifference which is the equivalent of reckless and wanton misconduct." Miles v. Melrose, 882 F.2d 976, 989 (5th Cir. 1989) (quotation omitted); see also Gonzalez v. Sea Fox Boat Co., 2022 WL 276549 (W.D.La. Jan. 28, 2022) (quotations omitted) (finding that punitive damages require more than mere negligence but acts that would constitute "gross negligence, reckless or callous disregard for the rights of others, or actual malice"). In essence, then, to recover punitive damages the plaintiff must show that the defendant acted with "reckless or callous disregard of, or with indifference to, the rights of the plaintiff." Fifth Circuit Pattern Jury Instructions §4.9

Here, the undisputed facts show that Mr. Hebert was a passenger on the MS Kristie after he was picked up from the High Island 500 platform where he was working. ECF 41-2, ¶11. At the time, the weather was calm, but the passengers were warned that the weather may change, and the boat was going to be moving. Id., ¶¶11-12. The captain of the ship was Captain Welch, who was properly licensed to drive the boat. Id., ¶¶13-14. While the seas were rough on the night in question, the conditions were not abnormal, and the ship was equipped to operate in those conditions. Id., ¶¶15-16. The ship was hit by a rogue wave, which was estimated at approximately

---

[2] The Court notes that Plaintiff recognizes this as the "exemplary and/or punitive damages" are requested only in relation to any alleged "willful and wanton conduct of the vessel and its crew in this matter." See ECF 1, ¶13.

3

16-18 feet, although it was dark, so the captain did not see it clearly. Id., ¶¶17-19. It does not appear that a second warning was issued in relation to the weather conditions.

In reviewing these facts, which for the purposes of this Motion are unopposed, the Court finds that there is no factual basis to support a claim that BGOS or its employees acted in a wanton or willful way such to allow for an award of punitive damages. Simply put, there are no facts which demonstrate the type of reckless, callous, or indifferent regard to the rights of the plaintiff. Because no reasonable juror could conclude that BGOS acted willfully or wantonly, such as is required for imposition of exemplary or punitive damages, summary judgment precluding damages of these types is appropriate.

IV. Conclusion

For the foregoing reasons, BGOS's Motion for Partial Summary Judgment (ECF 41) will **HEREBY GRANTED** and any claims for exemplary and or punitive damages are **DISMISSED WITH PREJUDICE**.

**THUS DONE AND SIGNED** at Alexandria, Louisiana this 5 day of August 2022.

**DEE D. DRELL, SENIOR JUDGE**
**UNITED STATES DISTRICT COURT**